# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TORRI M. HOUSTON, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | COLLECTIVE AND CLASS ACTION |
| SAINT LUKE'S HEALTH SYSTEM, INC., and SAINT LUKE'S NORTHLAND HOSPITAL CORPORATION, | <u>JURY TRIAL REQUESTED</u> |
| Defendants. | |

## COMPLAINT

Plaintiff Torri M. Houston ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her counsel, brings this Complaint against Saint Luke's Health System, Inc. ("SLHS") and Saint Luke's Northland Hospital Corporation ("SLN") (collectively "Defendants"), and hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff and all other similarly situated employees work or worked for Defendant SLHS, a health care system including ten hospitals and campuses across the Kansas City region. Plaintiff worked at Defendant SLN, one of the hospitals operated by Defendant SLHS.

2. Pursuant to their company-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, for all hours worked and federal and/or state mandated overtime for all hours worked over forty (40) in a single workweek. Defendants' rounding policy and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time worked. Defendants' systemic violations of federal and state wage laws were willful.

1

3. Plaintiff, on behalf of herself and all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

4. Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. Plaintiff is an individual residing in the State of Missouri.

9. Plaintiff was employed by Defendants from March 24, 2014 through January 2, 2017 as a Surgical Technologist at Defendants' hospital campus located at 5830 NW Barry Road, Kansas City, Missouri 64154.

10. Defendant SLHS is a non-profit corporation organized and existing under the laws of the State of Kansas, with its principal place of business located in the State of Missouri.

11. Defendant SLHS includes 10 hospitals and campuses across the Kansas City region, home care and hospice, behavioral health care, and dozens of physician practices.

12. Defendant SLN is a non-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in the State of Missouri.

13. Defendant SLHS owns and operates Defendant SLN.

14. Plaintiff and all similarly situated employees are non-exempt, hourly employees who work for Defendants at their hospitals and campuses across the Kansas City region.

15. At all relevant times, Defendants were the employer and/or joint employer of Plaintiff, and all other similarly situated employees:

    a. Both Defendant SLHS and Defendant SLN had the power to hire and fire Plaintiff and all other similarly situated employees;

    b. Both Defendant SLHS and Defendant SLN supervised and controlled the work schedules and conditions of employment of Plaintiff and all other similarly situated employees;

    c. Both Defendant SLHS and Defendant SLN determined the rate and method of payment for Plaintiff and all other similarly situated employees; and

  d.  Both Defendant SLHS and Defendant SLN maintained employment records (including time clock records) for Plaintiff and all other similarly situated employees.

16. At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **GENERAL ALLEGATIONS**

17. Plaintiff re-alleges the allegations set forth above.

18. Defendants utilize a computerized system which tracks the exact time (accurate to 1 minute or less) an hourly employee clocks in and clocks out of work.

19. Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll.

20. Per Defendants' rounding policies and procedures, Defendants' employees can clock-in or clock-out up to six minutes before or after the scheduled start time or end time of their shift. Under these circumstances, Defendants round the employees' clock-in or clock-out time to their respective start time or end time.

21. When there is an exception to the scheduled start time or end time of an employees' shift, or some other exception identified for that employees' shift, Defendants' rounding system is modified. On those occasions, the employees' clock-in or clock-out time may be rounded to the nearest six-minute interval.

22. Defendants do not utilize a consistent rounding policy for every shift worked by its employees.

23. Viewed in a vacuum, the rounding system utilized by Defendants appears to be neutral, and favors neither Defendants nor their employees.

24. In reality, Defendants' policy and practice of computing working time by "rounding" is used in such a manner that it has resulted, over a period of time, in the failure to compensate Plaintiff and all similarly situated employees properly for all the time they have actually worked. For example:

    a. On September 5, 2014, Plaintiff clocked in at 5:54 p.m., and Defendants rounded her clock-in time to 6:00 p.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 6:36 a.m., and Defendants rounded her clock-out time to 6:30 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately twelve (12) minutes of compensable work time that shift. As such, Defendants' rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately twelve (12) minutes of work during that workweek.

    b. On October 14, 2014, Plaintiff clocked in at 5:54 p.m., and Defendants rounded her clock-in time to 6:00 p.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 6:35 a.m., and Defendants rounded her clock-out time to 6:30 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately eleven (11) minutes of compensable work time that shift. As such, Defendants' rounding policy

resulted in Plaintiff receiving no direct hourly wage for approximately eleven (11) minutes of work during that workweek.

c. On March 24, 2015, Plaintiff clocked in at 5:54 p.m., and Defendants rounded her clock-in time to 6:00 p.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 6:27 a.m., and Defendants rounded her clock-out time to 6:24 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately nine (9) minutes of compensable work time that shift. As such, Defendants' rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately nine (9) minutes of work during that workweek.

d. On December 20, 2015, Plaintiff clocked in at 5:54 p.m., and Defendants rounded her clock-in time to 6:00 p.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 7:21 a.m., and Defendants rounded her clock-out time to 7:18 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately nine (9) minutes of compensable work time that shift. As such, Defendants' rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately nine (9) minutes of work during that workweek.

e. On February 17, 2016, Plaintiff clocked in at 11:54 p.m., and Defendants rounded her clock-in time to 12:00 a.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 7:07 a.m., and

    Defendants rounded her clock-out time to 7:06 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately seven (7) minutes of compensable work time that shift. As such, Defendants' rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately seven (7) minutes of work during that workweek.

  f. On April 11, 2016, Plaintiff clocked in at 5:54 p.m., and Defendants rounded her clock-in time to 6:00 p.m. for purposes of computing payroll and the number of hours worked. Plaintiff clocked out at 6:31 a.m., and Defendants rounded her clock-out time to 6:30 a.m. for purposes of computing payroll and the number of hours worked. Defendants' rounding system resulted in Plaintiff losing approximately seven (7) minutes of compensable work time that shift. As such, Defendants' rounding policy resulted in Plaintiff receiving no direct hourly wage for approximately seven (7) minutes of work during that workweek.

25. From March 24, 2014 through January 2, 2017, the duration of Plaintiff's employment, the difference between her actual hours worked and the rounded hours for which she was paid by Defendants resulted in Plaintiff receiving no direct hourly wage (or overtime wage) for approximately 400 minutes (over 6 ½ hours) of compensable work.

26. Defendants have no good faith basis to use such a rounding system as their time clocks record the actual clock-in and clock-out times to at least a one-minute accuracy.

27. Defendants have complete knowledge of all hours worked by Plaintiff and all similarly situated employees, and yet their policies, practices, and/or procedures are designed to intentionally avoid paying their employees for all such hours worked.

28. Defendants' failure to pay their employees for all unpaid time has resulted in Plaintiff and all similarly situated employees being regularly and willfully denied proper compensation under the FLSA and/or the MMWL.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

29. Plaintiff re-alleges the allegations set forth above.

30. Plaintiff brings Count I, the FLSA claim arising out of Defendants' unlawful rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last three (3) years within the United States.

31. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

32. Plaintiff brings Count II, the MMWL claim arising out of Defendants' unlawful rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last two (2) years within the State of Missouri.

33. Plaintiff brings Count III, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently

and formerly employed by Defendants in hourly positions who worked at any time during the last five (5) years within the State of Missouri.

34. Plaintiff brings Count IV, the breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendants in hourly positions who worked at any time during the last five (5) years within the State of Missouri.

35. Plaintiff's MMWL claims (Count II), unjust enrichment/quantum meruit claim (Count III), and breach of contract claim (Count IV) described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

36. These classes each number in the hundreds or thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

37. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

    a. Whether Defendants violated the law when it failed to pay Plaintiff and class members for all hours worked;

    b. Whether Defendants had policies and practices of failing to compensate Plaintiff and class members for all time worked;

    c. Whether Defendants failed to pay Plaintiff and class members overtime compensation required under R.S.Mo. § 290.500 *et seq.*;

      d.      Whether Defendants were unjustly enriched by virtue of their policies and practices with respect to Plaintiff's and class members' pay;

      e.      Whether Defendants willfully violates state and federal wage and hour laws; and

      f.      Whether Defendants maintained a lawful timekeeping system.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

39. Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

40. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

41. Plaintiff is an adequate representative because she is a member of each of the classes and her interests do not conflict with the interests of the members of those classes she seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

42. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## **ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNT I)**

43. Plaintiff re-alleges the allegations set forth above.

44. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

45. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

46. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

47. During all relevant times to this action, Defendants were the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

48. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

49. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

50. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

51. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

52. Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies. Upon information and belief, Defendants are applying the same unlawful compensation policies to all similarly situated employees in their hospitals and healthcare facilities nationwide.

53. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

54. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all

similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **ALLEGATIONS APPLICABLE TO ALL MMWL CLAIMS (COUNT II)**

56. Plaintiff re-alleges the allegations set forth above.

57. At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

58. The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

59. The MMWL should be construed in accordance with its provisions and those of the FLSA. Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

60. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the class members within the meaning of the MMWL. R.S.Mo. §§ 290.500(3), (4).

61. During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

62. Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. R.S.Mo. § 290.502.1.

63. Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S.Mo. § 290.505.1.

64. Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here. R.S.Mo. § 290.500(3).

65. Plaintiff and the class members are victims of uniform and employer-based compensation policies. Upon information and belief, Defendants are applying the same unlawful compensation policies to Plaintiff and the class members in their hospitals and healthcare facilities in the State of Missouri.

66. Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendants. R.S.Mo. § 290.527.

67. Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

68. Defendants are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action. R.S.Mo. § 290.527.

## COUNT I - FLSA (Unpaid Overtime)

### Arising Out of Defendants' Unlawful Rounding Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

69. Plaintiff re-alleges the allegations set forth above.

70. Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

71. Specifically, as discussed above, Defendants utilize an unlawful rounding policy that forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

72. Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

73. WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

    c. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.  Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.  Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II – MMWL (Unpaid Overtime)**

**Arising Out of Defendants' Unlawful Rounding Policy**

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

74. Plaintiff re-alleges the allegations as set forth above.

75. Defendants violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

76. Specifically, as discussed above, Defendants utilize an unlawful rounding policy that, when combined with their disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

77. Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

78. WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

a.  Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

b.  Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c.  Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.  Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.  Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT III

### Unjust Enrichment / Quantum Meruit

**(Brought Against Defendants by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

79. Plaintiff re-alleges the allegations set forth above.

80. Defendants benefited from the unpaid work performed by Plaintiff and the Class prior to the start of their shifts and after their shifts. Additionally, Defendants benefited by failing to pay their employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

81. Defendants were aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

82. Defendants' acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

83. WHEREFORE, on Count III of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

a.  Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

17

  b.  Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and the Class;

  c.  Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

  d.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT IV

### Breach of Contract

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

84. Plaintiff re-alleges the allegations set forth above.

85. Defendants entered into a contract with Plaintiff and all similarly situated employees through which they agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

86. Defendants' breached this contract by failing to pay Plaintiff and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

87. Because of Defendants' breach, Plaintiff and all others similarly situated have been damaged.

88. WHEREFORE, on Count IV of this Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

  a.  Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

  b.  Order Defendants to pay Plaintiff and the Class for the improperly withheld wages in violation of their contract;

c. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

d. Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: April 10, 2017

Respectfully submitted,

OSMAN & SMAY LLP

By: /s/ Matthew E. Osman
Matthew E. Osman, MO Bar #60137
Kathryn S. Rickley, MO Bar #59435
8500 W. 110th Street, Suite 330
Overland Park, Kansas 66210
Telephone: (913) 667-9243
Facsimile: (866) 470-9243
mosman@workerwagerights.com
krickley@workerwagerights.com

and

McCLELLAND LAW FIRM
*A Professional Corporation*

By: /s/ Ryan L. McClelland
Ryan L. McClelland, MO Bar #59343
Joni E. Bodnar, MO Bar #67955
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com
jbodnar@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFF