IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TORRI M. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-00266-BCW |
| ) | |
| ST. LUKE'S HEALTH SYSTEM, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional and Class Certification (Doc. #44). The Court, being duly advised of the premises, grants in part and denies in part said motion.

Plaintiff Torri M. Houston asserts collective and class action allegations against Defendants St. Luke's Health System, Inc. ("SLHS") and St. Luke's Northland Hospital Corporation ("SLN") (collectively, "Defendants"). Plaintiff alleges four claims against Defendants relating to their use of a "rounding policy" in calculating payroll: (I) violation of the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*; (II) violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.*; (III) unjust enrichment; and (IV) breach of contract. (Doc. #43).

Under the allegations of the complaint, Houston worked for SLN, an SLHS entity. Houston alleges that she, and other members of the putative collective and class, were subject to an illegal "rounding policy" that violated FLSA and Missouri law.

In her motion for conditional and class certification, Houston asks the Court to conditionally certify an FLSA collective as alleged in Count I, and a state-wide class under Fed. R. Civ. P. 23 for unjust enrichment as alleged in Count III. Houston further seeks appointment as

collective and class representative, and appointment of her counsel as collective and class action counsel. Defendants oppose Houston's motion.

## ANALYSIS

Houston seeks conditional collective action certification of the following collective, pursuant to 29 U.S.C. § 216(b): "[a]ll hourly employees who worked for SLHS Entities in the United States at any time from three years prior to the filing of the [c]omplaint, who clocked-in and clocked-out on an automated time clock." (Doc. #44 at 1). Further, Houston seeks to certify the following class definition as a class action, pursuant to Fed. R. Civ. P. 23: "[a]ll hourly employees who worked for SLHS Entities in the State of Missouri at any time from five years prior to the filing of the Complaint, who clocked-in and clocked-out on an automated timeclock." (Doc. #44 at 2).

Defendants oppose both conditional collective action certification and class action certification. (Doc. #50). With respect to Houston's FLSA claim, Defendants oppose conditional collective certification for two reasons. First, Defendants argue that since the parties have undertaken discovery in this case, the Court should apply a heightened standard. Second, Defendants argue that Houston is not "similarly situated" to the proposed collective. With respect to Houston's unjust enrichment claim, Defendants argue Houston cannot fairly represent the interests of the proposed class. Finally, Defendants argue that in the event the Court conditionally certifies collective and/or class action, the proposed notice is inadequate.

**A. THE MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION IS GRANTED IN PART AND DENIED IN PART.**

The proposed collective for Houston's FLSA claim is defined as "[a]ll hourly employees who worked for SLHS Entities in the United States at any time from three years prior to the filing of the [c]omplaint, who clocked-in and clocked-out on an automated time clock." (Doc. #44 at 1).

Based on the following analysis, the Court grants Houston's motion for collective action certification with respect to the alleged violation of the FLSA's overtime provision and denies collective action certification with respect to the alleged violation FLSA's minimum wage provision.

**1. The General Standard Applies.**

The parties dispute which standard the Court should apply to the motion for conditional certification of collective action under the FLSA. Houston argues she need only plead that the proposed collective were victims of the same policy or plan. Defendants contend that since discovery has been undertaken, the Court should apply an intermediate standard, which requires a plaintiff to provide factual support to establish similarity among the proposed collective.

The FLSA requires employers to pay their employees a regular hourly rate up to forty hours a week, and overtime compensation at a rate of one and one-half times the hourly rate of pay for hours worked in excess of forty hours. 28 U.S.C. §§ 206, 207(a)(1). The statutory scheme provides for a private right of action, "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

The FLSA does not define "similarly situated," and "[t]he Eighth Circuit has not articulated a standard for conditionally certifying FLSA cases. However, a majority of the district courts in the Eighth Circuit use a two-step analysis." Taylor v. Bear Commc'ns, LLC, No. 4:12-CV-01261-BCW, 2013 WL 3270971, at *2 (W.D. Mo. June 27, 2013) (citing McClean v. Health Sys., Inc., No. 11-CV-03037-DGK, 2011 WL 6153091, at *3 (W.D. Mo. Dec. 12, 2011); Chankin v. Tihen Commc'ns, Inc., No. 08-CV196-HEA, 2009 WL 775588 (E.D. Mo. Mar. 20, 2009); Kausch v. Premier Commc'ns, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007)). The two steps are the "notice stage" and the "decertification stage." Id.

This litigation is in the notice stage. Generally, at the notice stage, the Court may conditionally certify a collective action if the plaintiff shows that the collective members are subject to "a common policy of discrimination," such that the members of the proposed collective are similarly situated. McClean, 2011 WL 6153091, at *3 (citing Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007); Kautsch, 504 F. Supp. 2d at 688). Defendants argue this lenient standard is unfair in cases where, as here, the parties have undertaken at least some discovery. McClean, 2011 WL 6153091, at *4 (citing Creely v. HCR ManorCare, Inc., 789 F. Supp. 2d 819 (N.D. Ohio June 9, 2011)).

While persuasive authority exists for the application of an intermediate standard when parties have undertaken substantial discovery, courts do not always apply the intermediate standard in the same manner. McClean, 2011 WL 6153091, at *4. For example, some courts apply "the more stringent second-step decertification factors" to assess whether collective action class members are similarly situated. Id. Other courts require the plaintiff to provide some factual support for their allegations of substantial similarity, as opposed to relying solely on the allegations of the complaint. Id.

As noted above, the Eighth Circuit has not articulated a binding standard for FLSA conditional certification. Taylor, 2013 WL 3270971, at *4. Both parties cite to McClean v. Health Systems, Inc. to support their respective positions about which standard applies. 2011 WL 6153091.

In McClean, the plaintiffs alleged defendants' policy deducted a thirty-minute meal period from each employee's pay for shifts of six or more hours, regardless of whether the employee actually took a break. 2011 WL 6163091, at *2. In the context of a motion for conditional certification, the McClean court found the status of litigation in that case warranted application of

the intermediate approach, in part because the parties' proposed scheduling order requested an opportunity to conduct discovery as to the issue of substantial similarity.

In this case, the parties' proposed scheduling order included a provision that discovery relating to substantial similarity should be exchanged by December 2017, which was later extended to March 19, 2018. The record reflects that, as of the date Plaintiff filed the motion for conditional certification, Defendants have responded to Plaintiff's interrogatories and requests for production of documents. However, Defendants have not yet served any discovery on Plaintiff and neither party has taken any depositions. Thus, although Plaintiff initiated this matter in April 2017, this litigation has not progressed beyond the exchange of limited discovery. This limited discovery is in contrast to the circumstances in McClean, where the parties had undertaken "substantial" discovery in the form of reciprocal interrogatories and requests for production, as well as twelve depositions. Consequently, the Court applies the general notice standard to determine whether conditional certification is appropriate for Plaintiff's FLSA overtime claim.

### 2. Collective Action Certification for Violation of the Overtime Provision of the FLSA is Granted.

Houston alleges a violation of the FLSA's overtime provision relating to the rounding policy, and alleges this claim on behalf of all others similarly situated. Defendants argue that Houston has not met her burden to establish a colorable claim for violation of the FLSA overtime provision, and that Houston is not similarly situated to the proposed collective.

The FLSA requires employers to pay overtime compensation at a rate of one and one-half times the hourly rate of pay for hours worked in excess of forty hours. 28 U.S.C. §§ 206, 207(a)(1). The Court thus considers whether Houston has put forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan" relative to the FLSA overtime provision. Marshall v. R.J. Reynolds Tobacco Co., No. 07-0227-CV-W-RED, 2007 WL

7209940, at *1 (W.D. Mo. Dec. 7, 2007) (citing Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. Nov. 8, 2005)).

In this case, application of the general notice standard dictates the conclusion that Houston has made the required "minimum factual showing of a relevant decision, policy, or plan that applies to all potential plaintiffs." Marshall, 2007 WL 7209940, at *1.

Under the allegations of the complaint, Houston seeks conditional certification under the FLSA overtime provision based on Defendants' rounding policy. Under the rounding policy, employees can clock in up to six minutes before their scheduled work time, and up to six minutes after the start of their scheduled shift. Further, employees can clock out up to six minutes before the scheduled end of their shift, and up to six minutes after the end of their shift. For payroll purposes, an employee who clocks in and out within these six-minute limits is considered to have worked a full shift. Houston alleges this rounding policy has, over time, resulted in a failure to fully compensate hourly employees for all the time they have actually worked.

Each of Defendants' arguments against conditional certification pertain to the merits of Houston's claim. Conditional certification does not require a plaintiff to show that members of the proposed collective are actually similarly situated; rather, Houston's burden is to provide substantial allegations of a common policy affecting each of the proposed members of the collective. For all of these reasons, the Court grants conditional certification with respect to Plaintiff's claim for violation of the FLSA overtime provision.

### 3. Collective Action Certification for Violation of the Minimum Wage Provision of the FLSA is Denied.

Houston summarily alleges a violation of the FLSA's minimum wage policy relative to the rounding policy on behalf of herself and all others similarly situated. The Court considers whether

6

Case 4:17-cv-00266-BCW   Document 61   Filed 09/06/18   Page 6 of 13

Plaintiff has alleged a colorable claim for conditional certification relative to the FLSA minimum wage provision.

The FLSA requires minimum compensation of $7.25 per hour, per forty hours per week. 29 U.S.C. § 206(a). As noted, the FLSA allows an employee to institute a private right of action for violation of either of these provisions, and on behalf of those similarly situated. 29 U.S.C. § 216(b).

In this case, Houston suggests the allegations of the complaint establish a colorable claim for conditional certification of a collective action for alleged violation of the minimum wage provision of the FLSA, also based on the rounding policy. However, Houston does not allege her hourly pay rate during her employment with SLN, or identify any other member of the proposed collective whose experience with Defendants' rounding policy might underpin a finding of "similarly situated." Houston has not established a colorable claim for an FLSA minimum wage violation, even under the more lenient notice stage standard. Therefore, the motion for conditional certification of a collective action with respect to the FLSA minimum wage provision is denied.

For all of these reasons, the Court grants the motion for conditional certification of a collective action class against Defendants under the FLSA overtime provision. The motion for conditional certification of a collective under the FLSA minimum wage provision is denied.

### B. THE MOTION FOR CLASS CERTIFICATION IS GRANTED.

The proposed class for Houston's unjust enrichment claim is defined as "[a]ll hourly employees who worked for SLHS Entities in the State of Missouri at any time from five years prior to the filing of the Complaint, who clocked-in and clocked-out on an automated timeclock." (Doc. #44 at 2).

Based on the following analysis, the Court certifies the state-wide unjust enrichment class for hourly employees subject to Defendants' rounding policy who were allegedly uncompensated for overtime work.

Fed. R. Civ. P. 23 governs the certification of class actions. This rule requires the satisfaction of four prerequisites:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The application of Fed. R. Civ. P. 23 for class certification purposes is a matter of discretion. Uwaeke v. Swope Cmty. Enters., Inc., No. 12-1415-CV-W-ODS, 2013 WL 12129948, at *4 (W.D. Mo. Oct. 25, 2013) (citing Luiken v. Domino's Pizza, LLC, 705 F.3d 370, 372 (8th Cir. 2013)). To determine whether class certification is appropriate, "a court must conduct a limited preliminary inquiry, looking beyond the pleadings. However, the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case for the class." Uwaeke, 2013 WL 12129948, at *4 (citing Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005)).

**1. The Subsection (a) Requirements are Met.**

Houston argues that she has established each of the requirements for class certification for her claim of unjust enrichment attributable to Defendants' rounding policy. Defendants argue the proposed class should not be certified because Houston and others cannot establish that Defendants were unjustly enriched due to the rounding policy.

A claim for unjust enrichment in Missouri requires the plaintiff to establish that (1) he or she conferred a benefit on the defendant; (2) the defendant appreciated the fact of the benefit; and (3) inequity would arise if the defendant were to retain the benefit under the circumstances. Hertz Corp. v. RAKS Hosp., Inc., 196 S.W.3d 536, 543 (Mo. Ct. App. 2006).

With respect to numerosity, Houston alleges there are almost 1300 hourly employees who worked for SLN during the relevant time period. There are no rigid rules about how many potential class members constitute sufficient numerosity; "what constitutes impracticality depends upon the facts of each case." Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 54 (8th Cir. 1977). Factors pertinent to this analysis may include the nature of the action, the size of the claims, the inconvenience of individual suits, and any other factors relating to practical concerns. Paxton v. Union Nat'l Bank, 688 F.2d 552, 559-60 (8th Cir. 1982), cert. denied, 460 U.S. 1083 (1983). The Court, having considered the relevant factors, finds Houston has established Rule 23 numerosity. Defendants may re-assert their merits arguments at the decertification stage.

With respect to commonality, Houston alleges there are at least two questions common to the claims of all proposed class members: (1) whether SLHS's timekeeping system unlawfully rounds down compensable work hours; and (2) whether SLHS was unjustly enriched by the rounding policy. Defendants counter that the rounding policy is neutral in application, and uncompensated time, if any, is de minimis. The commonality requirement is satisfied where "the legal question linking" the claims of the potential class members substantially relate to the resolution of the case. DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1174 (8th Cir. 1995), cert. denied, 517 U.S. 1156 (1996). Individual class members need not be "identically situated" to satisfy the commonality requirement. Paxton, 688 F.2d at 561.

In the Court's view, despite Plaintiffs' assertions that the proposed class members claims share "several" common questions, the only shared issue among the claims of the proposed class members is whether the rounding policy resulted in unpaid compensable time, such that Defendants were unjustly enriched. However, the commonality requirement is met where there is a common legal question that relates to the resolution of the case. Such circumstances are present here, such that Plaintiff has established commonality.

With respect to typicality, Houston alleges she worked as an hourly employee at an SLHS entity, subject to the rounding policy that is used at all SLHS entities, that resulted in Defendants' unjust enrichment. The typicality requirement means the other members of the proposed class have the same or similar grievance as the plaintiff. Id. at 562. Though Houston's experience pertains only to the rounding policy as applied at SLN, she alleges that the same rounding policy is used in the same manner at all SLHS entities. At this stage, the Court concludes the typicality requirement is met.

Finally, with respect to adequacy, Houston argues that her allegations against Defendants for unjust enrichment attributable to the rounding policy are co-extensive with the claims of each of the proposed class members, and she has demonstrated, by hiring competent legal counsel, that she will vigorously pursue the class's claims against Defendants. The adequacy requirement has two parts: (1) the class representative and counsel must be willing and able to vigorously prosecute the case; and (2) the class representative's interests must sufficiently align with the goals of the proposed class. In re Wirebound Boxes Antitrust Litig., 128 F.R.D. 268, 270 (D. Minn. 1989) (citing Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d Cir. 1977), cert. denied, 434 U.S. 1086 (1978)).

In this case, the first element of adequacy is not in dispute. Thus, whether Houston's allegations meet the adequacy requirement depends on whether her interests in the case aligns with those of the proposed class. Houston alleges the rounding policy resulted in Defendants' failure to compensate employees for time worked before the beginning of a shift-start and/or time worked after the end of a shift-end. Houston further alleges that during her orientation training at SLN, she was not informed that the rounding policy allowed for employees to clock in up to six minutes "late" and/or clock out six minutes "early," resulting in Defendants' unjust enrichment. Based on these shared interests, the Court finds that Houston establishes the adequacy requirement of Fed. R. Civ. P. 23.

### 2. The Subsection (b) Requirements are Met.

If a plaintiff establishes the four requirements under Fed. R. Civ. P. 23(a), then the Court considers whether the action falls within one of the categories set forth in Fed. R. Civ. P. 23(b). Parkhill v. Minn. Mut. Life Ins. Co., 188 F.R.D. 332, 337 (D. Minn. 1999) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615-16 (1997)). The relevant category for purposes of this case is set forth in Fed. R. Civ. P. 23(b)(3): "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. Predominance exists if there is "generalized evidence" to prove or disprove an element on a class-wide basis. Parkhill, 188 F.R.D. at 340.

In this case, the overarching question is whether the rounding policy violates the law. The answer to this question will dictate whether Houston and the proposed class can succeed on the unjust enrichment claim.

Under the rounding policy, an employee could clock in up to six minutes after the start-time of his or her shift and still be considered on time for payroll purposes. An employee could also clock out up to six minutes before the end-time of his or shift and still be considered to have worked a full shift for payroll purposes. Additionally, an employee who clocked in six minutes or less before the start of his or her shift and/or six minutes or less before the end of his or shift is not considered to have worked less time than the full duration of his or her scheduled shift. This generalized evidence of how Houston and other proposed class members experienced the rounding policy is sufficient to establish the predominance of common issues of law and fact. To the extent Defendants assert that individual employees could decide to clock in or clock out before the start or end of his or her shift, the time records for a specific class member are factually distinct, but these factual distinctions are issues predominated by the overarching question of the rounding policy's legality.

**C. THE PARTIES SHALL MEET AND CONFER WITH RESPECT TO ISSUES OF NOTICE TO THE CONDITIONALLY CERTIFIED COLLECTIVE AND CLASS.**

Upon conditional and/or class certification, the Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989).

The Court has reviewed the notice procedure proposed by Houston, and Defendants' arguments against Houston's notice procedure as proposed. To the extent Defendants oppose providing truncated social security numbers, email addresses, and phone numbers for members of the putative class, the Court finds that privacy concerns may be adequately addressed through

protective measures among the parties. However, the Court also finds that emailing notice and/or reminder is not necessary or proper; therefore, Defendants need not provide to Houston email addresses for members of the putative class.

The parties shall meet and confer in an effort to agree upon the content, form, and distribution of appropriate notice that is consistent with this Order. To the extent the parties are unable to agree on such matters, the parties shall contact Court to schedule a telephone conference. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Conditional and Class Certification (Doc. #44) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to conditional certification for alleged FLSA overtime violations and with respect to class certification for alleged unjust enrichment. The motion is denied with respect to conditional certification for alleged FLSA minimum wage violations. It is further

ORDERED Plaintiff Torri M. Houston is appointed as collective and class action representative. Osman & Smay LLP and McClelland Law Firm P.C. are appointed as collective and class action counsel. It is further

ORDERED the parties shall meet and confer in an effort to agree upon the content, form, and distribution of appropriate notice that is consistent with this Order. To the extent possible, the parties shall file, for Court approval, jointly proposed notice to the collective and class, and jointly proposed schedule for notice procedure, on or before **October 1, 2018**. It is further

ORDERED this matter is set for telephone conference on **October 10, 2018 at 11:00 a.m.**

IT IS SO ORDERED

DATED: September 6, 2018

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT