IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TORRI M. HOUSTON,<br>Individually and on behalf of all others<br>similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, INC.,<br>et al.,<br><br>          Defendants. | Case No. 4:17-CV-00266-BCW |

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On December 11, 2024, the Court heard a motion for final approval of a settlement of a class and collective action by Plaintiff Torri M. Houston ("Named Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated, and Defendants Saint Luke's Health System, Inc. and Saint Luke's Northland Hospital Corporation ("Defendants"). The Court has considered Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement and Suggestions in Support (Docs. #247, #248), Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and Service Award and Suggestions in Support (Docs. #249, #250), the Objection of Amanda Stuart (Doc. #245), Plaintiff's Response to the Objection (Doc. #251), and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

      1.     Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

1

2. The Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class, defined as: All hourly employees who worked for SLHS Entities in the State of Missouri at any time from April 10, 2012, through November 20, 2023, who clocked-in and clocked-out on an automated timeclock.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this litigation only.

4. The Court confirms the appointments of (a) Named Plaintiff Torri M. Houston as Class Representative of the Settlement Class, and (b) Matthew E. Osman of Osman & Smay, LLC, John J. Ziegelmeyer III of HKM Employment Attorneys LLP, and Ryan L. McClelland of McClelland Law Firm, P.C. as Class Counsel.

5. The Notice of Proposed Settlement of Class and Collective Action ("Proposed Settlement Notice") sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Proposed Settlement Notice also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Proposed Settlement Notice provided to the Class Members satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

6. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of

the Class Representative's and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Class and Collective Settlement Fund of $1,750,000.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class and Settlement Collective; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for the Released Parties, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the lack of significant opposition to the Settlement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7.  The Court further certifies, for settlement purposes only, the following collective pursuant to the Settlement Agreement and 29 U.S.C. § 216(b): All hourly employees who worked for SLHS Entities in the United States at any time from September 6, 2015, through November 20, 2023, who clocked-in and clocked-out on an automated timeclock, and who filed a Consent to Join form in the litigation.

8.  For the same reasons that the Court finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), the Court likewise finds that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a bona fide dispute.

9.  The Settlement Administration Costs of $66,500.00 are approved and shall be paid to the Settlement Administrator from the Class and Collective Settlement Fund according to the

procedures set forth in the Settlement Agreement.

10. The Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiff from the Class and Collective Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Class Counsel is awarded $2,250,000.00 for attorneys' fees and $214,682.41 for costs and expenses. Class Counsel's attorneys' fees and expenses are justified under the <u>Johnson</u> factors for the reasons set out in Plaintiff's Suggestions in Support of Unopposed Motion for Attorneys' Fees, Expenses, and Service Award. (Doc. #250). Defendants shall separately pay Class Counsel their attorneys' fees consistent with the terms of the Settlement Agreement. Class Counsel's costs and expenses shall be deducted from the Class and Collective Settlement Fund according to the procedures set forth in the Settlement Agreement.

12. Class Members and Collective Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any portion of the Net Settlement Fund that is not claimed by Class Members or Collective Members because those individuals did not timely negotiate their Settlement Checks will be transferred to the State of Missouri's unclaimed property fund to be held by the State of Missouri for the benefit of the Class Member or Collective Member.

13. The Court orders that any Class Employee who did not timely submit a written request to opt out of the settlement is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released Claims.

14. The Court orders that all Opt-In f and Collective Members are bound by the terms of the Settlement Agreement and fully release and discharge the Released Claims and Released FLSA Claims.

15. As identified by the Settlement Administrator, the Court finds that fifteen individuals have timely requested exclusion from the Settlement Class: Linda Bristow, Jamie Brown, Jasmine Byers, Judith Caldwell, Breanna Cheadle, Leslie Dorrel, Carlene Fleming, Christina Frazier, Brittany Kendall, Lindsey Shaughnessy, Julia Schoff, Karen Sims, Zona Smith, Lindsey Tharp, and Maryke Willis. These individuals are (a) excluded from the Settlement Class previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release or discharge the Released State Claims; and (d) are not entitled to participate in the Settlement.

16. The Court has reviewed and considered the Objection of Amanda Stuart (Doc. #245) and Plaintiff's Response to the Objection (Doc. #251). The Court heard oral argument regarding Ms. Stuart's objection. For the reasons stated on the record and stated in Plaintiff's Response to the Objection (Doc. #251), Ms. Stuart's objection is overruled.

17. This Court grants final approval of the Settlement.

18. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

Dated: <u>December 11 2024</u>    /s/ Brian C. Wimes
　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT